IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CEDRIC CARMELLO, individually and on
behalf of all others similarly situated,

       Plaintiff,

v.                              No.

FEDEX SUPPLY CHAIN, INC., a Delaware
corporation,

       Defendant.

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §1446, and the jurisdictional provisions of the Class Action Fairness Act of 2005 ("CAFA"), codified at 28 U.S.C. §1332(d)(2) and 28 U.S.C. §1453(b), Defendant FEDEX SUPPLY CHAIN, INC. ("FedEx Supply Chain") removes this action from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois, Eastern Division. As explained below, this putative class action is subject to the Court's jurisdiction under 28 U.S.C. §1332(d)(2) because minimal diversity exists and the amount placed in controversy by the putative class members' claims exceeds $5,000,000.

## CLAIMS ASSERTED AND RELIEF SOUGHT

1.      Plaintiff Cedric Carmello's ("Plaintiff") Class Action Complaint and Demand for Jury Trial purports to state a claim under the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA") against FedEx Supply Chain on behalf of a putative class. Plaintiff contends that FedEx Supply Chain violated BIPA through the use of timeclocks and fingertip scanning devices. (*See* Ex. A, Compl. ¶¶ 3–4, 18, 26, 38). Plaintiff seeks declaratory relief, injunctive relief, statutory and other damages associated with the alleged misconduct of FedEx Supply Chain

on behalf of the putative class members, together with costs and attorneys' fees. (*Id.*, Prayer for Relief, pp. 10–11).

2.  More specifically, Plaintiff alleges that, pursuant to BIPA, a private entity may not obtain biometrics from any individual unless that entity first: (a) informs the individual that a biometric identifier or biometric information is being collected or stored; (b) informs the individual of the specific purpose and length of term for which that biometric data is being collected, stored and used; (c) publishes publicly written retention schedules and guidelines for permanent destruction of the biometric data; and (d) receives a written release from the person for the collection of such biometric data. (*Id.* ¶¶ 27–29, 39–42). Plaintiff alleges that FedEx Supply Chain failed to comply with these requirements. (*Id.*).

3.  Plaintiff seeks to recover "statutory damages of $1,000 for each negligent violation of BIPA and $5,000 for each violation found to be willful or reckless, plus their attorneys' fees and costs." (*Id.* ¶ 5).

4.  Plaintiff seeks to bring his BIPA claim on behalf of a putative class defined as:

> All individuals who had their fingerprints collected, captured, received or otherwise obtained by Defendant in Illinois.

(*Id.* ¶ 31).

## THE COURT'S JURISDICTION UNDER CAFA

5.  CAFA grants United States District Courts original jurisdiction over "any civil action": (a) in which the "matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs"; and (b) which is a "class action" in which, among other things "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §1332(d)(2). These requirements are met in the instant case.

**THIS MATTER IS A "CLASS ACTION"**

6.      A "class action" for purposes of CAFA is defined as "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action."  28 U.S.C. §1332(d)(1)(B).  As noted, Plaintiff seeks to bring a BIPA claim on behalf of "[a]ll individuals who had their fingerprints collected, captured, received or otherwise obtained by Defendant in Illinois."  (Compl. ¶ 31).

**MINIMAL DIVERSITY EXISTS**

7.      Plaintiff is domiciled in the State of Illinois.  (*Id*. ¶ 6).

8.      FedEx Supply Chain is not an Illinois citizen.  FedEx Supply Chain is incorporated under the laws of the State of Delaware and has a headquarters and principal place of business in Cranberry Township, Pennsylvania.  (*Id*. ¶ 7; Declaration of James Grass, **Exhibit B**, ¶ 4.)

9.      A corporation such as FedEx Supply Chain "shall be deemed to be a citizen of any [s]tate by which it has been incorporated and of the [s]tate where it has its principal place of business . . . ."  28 U.S.C. §1332(c)(1).  A corporation's "principal place of business" under §1332(c)(1) is its "nerve center", that is, "the place where the corporation maintains its headquarters . . ." *Hertz Corp. v. Friend*, 559 U.S. 77-92-93 (2010).  As a result, FedEx Supply Chain is a citizen of the states of Delaware and Pennsylvania for purposes of diversity jurisdiction.

10.      Minimal diversity therefore exists under 28 U.S.C. §1332(d)(2)(A).  *See also Lewert v. P.F. Chang's China Bistro, Inc.*, 819 F.3d 963, 965-66 (7th Cir. 2016) (minimal diversity exists such that the Court had CAFA jurisdiction where class representatives were citizens of Illinois, while Defendant was a Delaware corporation with its principal place of business in Arizona).

## THE MATTER IN CONTROVERSY AGGREGATED ACROSS ALL CLASS MEMBERS' CLAIMS MEETS THE CAFA THRESHOLD

11.     CAFA provides that the District Court shall have original jurisdiction "of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs . . . ." 28 U.S.C. §1332(d)(2).  For purposes of determining the amount in controversy, CAFA requires that "the claims of the individual class members shall be aggregated . . . ." 28 U.S.C. §1332(d)(6).  "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014).  Although Plaintiff has not alleged the amount of damages, CAFA's amount in controversy threshold is met here based on Plaintiff's allegations and undisputed facts.

12.     FedEx Supply Chain denies any violation of BIPA.  FedEx Supply Chain also denies that this matter is suitable for treatment as a class action.  Plaintiff alleges, however, that the "exact number of Class members is unknown" but that the class includes "hundreds of individuals." (Compl. ¶ 32).[1]

13.     BIPA provides statutory damages of $5,000 for an intentional or reckless violation, and $1,000 for a negligent violation, with damages calculated "for each violation."  740 ILCS 14/20.  While Plaintiff does not plead what constitutes a "violation" for damages purposes, and

---

[1] It is unclear what Plaintiff believes the applicable statute of limitations period to be and how Plaintiff calculated the class size.  To the extent that Plaintiff asserts that the applicable statute of limitations period for Plaintiff's claims is five years under statute of limitations for civil actions not otherwise subject to a limitations period, 735 ILCS 5/13-205, FedEx Supply Chain does not consent or agree.  Indeed, the correct statute of limitations period may be one or two years.  *See* 735 ILCS 5/13-201 (one-year statute of limitations period for publication of matter violating a right of privacy); 735 ILCS 5/13-202 (two-year statute of limitations period to recover damages for injury to person or for a statutory penalty).

courts have not defined "each violation" as used in the statute, Plaintiff plausibly alleges four violations per putative class member. *See infra,* ¶ 2.

14.     Each alleged violation carries a potential damages amount of up to $5,000 per class member, if intentional or reckless. In other words, Plaintiff's Complaint arguably alleges potential damages of up to $20,000 per class member ($5,000 per violation x 4 violations), not including attorneys' fees, which are also recoverable under BIPA.  740 ILCS 14/20.  Under this reading of Plaintiff's Complaint, the $5,000,000 threshold is crossed if there are at least 250 putative class members.[2]

15.     As noted above, Plaintiff alleges that there are "hundreds" of individuals eligible for the purported class.  (Compl. ¶ 32).  Since November 2014 to the present, there are at least 500 individuals who utilize or have utilized the timeclocks and fingertip scanning devices in FedEx Supply Chain's facility located at 5620 Inner Park Drive, Edwardsville, Illinois.  (Ex. B, ¶ 5).  With at least 500 putative class members, and plausible damages of $20,000 (or more) per class member, the $5,000,000 threshold is easily met even without attorneys' fees.  *See Spivey v. Vertrue,* 528 F.3d 982, 983 (7th Cir. 2008) (For removal purposes under CAFA, defendant need only show that the recovery at the $5,000,000 jurisdictional threshold is "not legally impossible").

## PROCEDURE FOR REMOVAL

16.     FedEx Supply Chain was served with the Complaint in this matter on November 11, 2019.  FedEx Supply Chain is filing this notice within 30 days of the date of service on FedEx Supply Chain.  Therefore, this Notice of Removal is timely under 28 U.S.C. §1446(b).

---

[2] The Complaint is silent as to the total amount in controversy.  FedEx Supply Chain performs these calculations pursuant to CAFA based on Plaintiff's allegations and BIPA statutory damage provisions, but FedEx Supply Chain denies that: (i) it has violated BIPA, (ii) this matter is appropriate for treatment as a class action, and (iii) Plaintiff or alleged class members are entitled to recover any damages whatsoever.

17.     Removal to this Court is proper because the United States District Court for the Northern District of Illinois, Eastern Division is the District Court of the United States for the district and division embracing the Circuit Court of Cook County, Illinois.  28 U.S.C. § 93(a)(1).

18.     A copy of all process, pleadings and orders served upon FedEx Supply Chain are attached as **Group Exhibit A** in accordance with 28 U.S.C. §1446(a).

19.     FedEx Supply Chain is filing notice of the removal of this action with the Circuit Court Cook County in accordance with 28 U.S.C. §1446(d).

Respectfully submitted,

FEDEX SUPPLY CHAIN, INC., a Delaware corporation

By:     s/ Joseph A. Strubbe
        One of Its Attorneys

Joseph A. Strubbe, Bar No. 06191136
Frederic T. Knape, Bar No. 06256217
Zachary J. Watters, Bar No. 06310675
Vedder Price P.C.
222 North LaSalle Street
Chicago, Illinois 60601
T:  +1 312 609 7500

Dated:  December 11, 2019

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **NOTICE OF REMOVAL** with

the Clerk of the Court using the CM/ECF system which will send notification of such filing to

the following:

> Aaron M. Zigler
> amz@kellerlenkner.com
> Alex J. Dravillas
> ajd@kellerlenkner.com
> KELLER LENKNER LLC
> 150 N. Riverside Plaza, Suite 4270
> Chicago, Illinois 60606
> (312)741-5220

and by depositing the same in the U.S. Mail, first-class postage prepaid, at 222 North LaSalle

Street, Chicago, Illinois 60601 on December 11, 2019.


*/s/ Joseph A. Strubbe*
Joseph A. Strubbe